UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THOMAS GESUALDI, LOUIS BISIGNANO, MICHAEL O'TOOLE, MICHAEL C. BOURGAL, DARIN JEFFERS, FRANK H. FINKEL, MARC HERBST, THOMAS CORBETT, ROBERT G. WESSELS and ROCCO TOMASSETTI, SR., as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

**ORDER**
24-CV-2049 (MKB) (SIL)

Plaintiffs,

v.

GWA MECHANICAL INC.,

Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Michael C. Bourgal, Darin Jeffers, Frank H. Finkel, Marc Herbst, Thomas Corbett, Robert G. Wessels, and Rocco Tomassetti, Sr., who are trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), commenced the above-captioned action on March 20, 2024, against Defendant GWA Mechanical Inc., alleging Defendant failed to (i) submit remittance reports setting forth the hours worked by its employees for which contributions were due to the Funds; (ii) submit corresponding contributions to the Funds from October of 2021 to the present; (iii) remit contributions to the Funds pursuant to a completed audit of GWA's payroll-related records for the period of

September 1, 2018 through October 1, 2019; (iv) remit contributions to the Funds in an amount to be determined from October 2, 2019 to the date of an audit yet to be scheduled; and (v) pay interest, liquidated damages, audit fees, attorneys' fees and costs.[1]  (Compl., Docket Entry No. 1.)  Defendant failed to appear or otherwise respond to the action, and the Clerk of Court noticed a default against Defendant on April 25, 2024.  (Clerk's Entry of Default, Docket Entry No. 8.)  On June 7, 2024, Plaintiffs moved for a default judgment.  (Pls.' Mot. for Default J., Docket Entry No. 10.)  The Court referred the motion for default judgment to Magistrate Judge Steven I. Locke on August 2, 2024 for a report and recommendation.  (Order dated August 2, 2024.)

By report and recommendation dated December 5, 2024, Judge Locke recommended that the Court grant in part and deny in part Plaintiffs' motion for default judgment and that Plaintiffs be awarded damages in the amount of $517,366.01 (the "R&R").  (R&R 3, 24, Docket Entry No. 14.)  Judge Locke further recommended that Plaintiffs be awarded additional interest of $165.57 per day from June 11, 2024 through the date judgment is awarded and that the Court deny Plaintiffs' motion for default judgment as to injunctive relief.  (R&R 3, 24.)  For the reasons discussed below, the Court adopts the R&R and grants in part and denies in part Plaintiffs' motion for default judgment.

**I.   Background**

On March 22, 2024, Plaintiffs filed an executed affidavit of service for the Summons and Complaint in this action.  (Summons, Docket Entry No. 6.)  Defendant failed to answer or otherwise respond, and Plaintiffs requested a certificate of Default on April 16, 2024.  (Pls.' Certificate of Default Request, Docket Entry No. 7.)  On April 25, 2024, the Clerk of Court

---

[1] Some docket entries list Plaintiff Gesualdi as "Thomas Gesuladi" and Plaintiff Bisignano as "Louis Bisgnano," (*see, e.g.*, Summons, Docket Entry No. 6), but the Complaint lists these Plaintiffs as "Thomas Gesualdi" and "Louis Bisignano."  (*See* Compl., Docket Entry No. 1.)  The Court identifies Plaintiffs as specified in the Complaint.

2

noticed a default against Defendant. (Clerk's Entry of Default.) On June 7, 2024, Plaintiffs moved for a default judgment. (Pls.' Mot. for Default J.) Defendant has neither answered nor responded to Plaintiffs' motion for default judgment.

Judge Locke therefore recommends that the Court grant in part and deny in part Plaintiffs' motion for default judgment. (R&R 3.) On December 6, 2024, Plaintiffs mailed the R&R to Defendant. (Certificate of Service, Docket Entry No. 15.) No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time

3

limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court grants in part and denies in part Plaintiffs motion for default judgment. The Court awards Trustees damages in the amount of $517,366.01, inclusive of: (i) $3,514.01 in unpaid contributions due between September 1, 2018, and October 1, 2019; (ii) $3,109.27 in interest due on unpaid contributions between September 1, 2018, and October 1, 2019; (iii) $3,109.27 in liquidated damages on unpaid contributions between September 1, 2018, and October 1, 2019; (iv) $134.68 in interest on late-paid March of 2020 contributions; (v) $332,230.80 in estimated contributions due between October of 2021 through March of 2024; (vi) $76,052.15 in interest on estimated contributions due between October of 2021 and June 10, 2024; (vii) $90,262.61 in liquidated damages on estimated contributions between October of 2021 and March of 2024; (viii) $1,353.93 in audit fees; and (ix) $7,599.29 in attorneys' fees and costs. The Court further awards Plaintiffs an additional interest of $165.57 per day from June 11, 2024 through the date of judgment.

The Court denies Plaintiffs' motion for default judgment as to injunctive relief. The Clerk of Court is directed to close this case.

Dated: January 6, 2025
　　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　SO ORDERED:


　　　　　　　　　　　　　　　　　　　　　     s/ MKB
　　　　　　　　　　　　　　　　　　　　　MARGO K. BRODIE
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Case 2:24-cv-02049-MKB-SIL   Document 16   Filed 01/06/25   Page 5 of 5 PageID #: 294